UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUBEN SANTOYO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-2061 (UNA) |
| | ) |
| SUPREME COURT OF THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on review of the plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* complaint (ECF No. 1). For the reasons stated below, the Court will grant the application and dismiss the complaint.

The plaintiff challenges the decision of the Supreme Court of the United States to deny his petition for a writ of certiorari as untimely. *See* Compl. ¶¶ 6-9. According to the plaintiff, "extraordinary circumstances . . . contributed to the delay in filing," *id.* ¶ 11, and he faults the Supreme Court for failing to consider them when it denied his petition, *id.* ¶ 12. The plaintiff alleges that the Supreme Court's decision arbitrary, capricious, and in violation of his right to due process. *See id.* ¶¶ 13-14. He demands a declaration that the Supreme Court's actions were unconstitutional, *see id.* ¶ 15.a., and an order directing the Supreme Court "to reconsider [his] petition for a writ of certiorari in light of the extraordinary circumstances presented," *id.* ¶ 15.b.

This federal district court has no authority to compel the Supreme Court, its Justices, or its Clerk to act. *Jones v. U.S. Supreme Ct.*, No. 10-cv-0910, 2010 WL 2363678, at *1 (D.D.C. June 9, 2010) ("This court is not a reviewing court and cannot compel Supreme Court justices or other Article III judges in this or other districts or circuits to act."), *aff'd sub nom. Jones v. Supreme Ct. of U.S.*, 405 F. App'x 508 (D.C. Cir. 2010) (per curiam), *aff'd*, 563 U.S. 914

1

(2011)); *see Panko v. Kodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). The Court will therefore dismiss the plaintiff's complaint and this civil action for lack of subject matter jurisdiction. *See Smith v. Supreme Court of the United States*, No. 08-5171, 2008 WL 5532101, at *1 (D.C. Cir. Oct. 10, 2008) (per curiam) ("The district court properly dismissed the complaint because lower courts lack jurisdiction to review decisions of the United States Supreme Court or to compel Supreme Court clerks to take any action."); *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam) (affirming district court's *sua sponte* dismissal of complaint on the ground "that it lacked subject matter jurisdiction to review any decision of the Supreme Court or its Clerk").

    Accordingly, it is

    ORDERED that the plaintiff's [2] application to proceed *in forma pauperis* is GRANTED; and it is further

    ORDERED that the complaint and this civil action are DISMISSED. This is a final appealable Order. *See* Fed. R. App. P. 4(a).

DATE: September 30, 2024                                    DABNEY L. FRIEDRICH
                                                            United States District Judge